UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON PARRISH,

    Plaintiff,                         CIVIL ACTION NO. 13-11757

  v.

                              DISTRICT JUDGE JULIAN ABELE COOK
                              MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Plaintiff filed an application for Social Security Child Insurance benefits on May 27, 2004, alleging that she had been disabled since April 1, 2000, due to Asperger syndrome and attention deficit hyperactivity disorder (ADHD). Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing

was held on March 30, 2012[1], before Administrative Law Judge (ALJ) B. Lloyd Blair. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether the claimant was disabled between her eighteenth birthday (September 20, 2006) and her twenty-second birthday (September 20, 2010) in order to be entitled to benefits.

Plaintiff was 23 years old at the time of the remand hearing. She had been graduated from high school, and had no past work experience. Claimant alleged that she was disabled due to extreme fatigue. She claimed that she tired easily, and needed to nap for up to two hours each day (TR 224). While Plaintiff enjoyed reading, her comprehension was poor. She allegedly needed to read the same sentence several times in order to understand the meaning of the words (TR 225). Claimant reportedly did not have many friends, and was unable to participate in civic organizations because she felt awkward around other people (TR 222, 225). Plaintiff believed that she could not work on a full time basis due chronic fatigue and an inability to get along with co-workers (TR 224).

A Vocational Expert, John Stokes, stated that Plaintiff had no past relevant work (TR 226). The witness testified that there would be no jobs that claimant could perform if her

---

[1] An earlier administrative hearing was held on December 1, 2011, also before ALJ B. Lloyd Blair, which resulted in a decision to deny child disability benefits. The Appeals Council later remanded the action for further administrative proceedings (TR 15).

testimony were found to be fully credible[2] (TR 228-229). If she were capable of light work, there were numerous unskilled machine tender, housekeeping/cleaner and laundry jobs that Plaintiff could perform with minimal vocational adjustment (TR 227). These jobs involved simple, routine tasks that did not require detailed concentration, reading, computing or problem solving. They had minimal personal interactions with co-workers, and only superficial contact with the general public. There were no production quotas mandating a specific number of pieces be completed per hour (TR 227).

### B.   ALJ's Findings

The Law Judge found that Plaintiff was impaired prior to attaining the age of 22 as a result of Asperger syndrome and ADHD, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant was restricted to simple, routine tasks that did not require detailed concentration, multi-tasking, reading, calculation or problem solving. The Law Judge further limited claimant to jobs that involved minimal interaction with co-workers, supervisors and the general public. These jobs did not have production quotas. The ALJ determined that the claimant retained the residual functional capacity to perform a reduced range of light work within those limitations, as identified by the Vocational Expert (TR 17-23).

---

[2]The witness explained that Plaintiff's alleged inability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness would preclude all work activity (TR 229).

### C.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Under the authority of the Social Security Act, the SSA has promulgated regulations that provide for the payment of disabled child's insurance benefits if the claimant is at least

18 years old and has a disability that began before age 22 (20 C.F.R. 404.350(a)(5) (2013). A claimant must establish a medically determinable physical or mental impairment (expected to last at least twelve months or result in death) that rendered her unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The regulations provide a five-step sequential evaluation for evaluating disability claims[3]. 20 C.F.R. § 404.1520.

**D. Discussion and Analysis**

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of totally disabling functional limitations stemming from either Asperger syndrome or ADHD during the relevant period.

Contrary to Plaintiff's assertion, the ALJ did not ignore the Asperger syndrome when determining her residual functional capacity. Taking into consideration the Asperger syndrome, the ALJ specifically noted that Plaintiff was able to graduate from high school, attend university for 18 months, have a romantic relationship while in school, and temporarily work in the field of data entry after leaving college (TR 21, citing TR 79, 163, 177, 199-202). The Law Judge was cognizant of the fact that claimant had difficulty counting money when

---

[3] An ALJ considers five questions in the sequential evaluation: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has "severe" impairments; (3) whether the claimant's conditions meet or medically equal any listed impairment (a Listing); (4) whether the claimant can return to her past relevant work, and; (5) whether a significant number of other jobs exist in the national economy that she could perform. 20 C.F.R. § 404.1520 (2013).

she worked as a cashier (TR 21, citing TR 223). The ALJ accounted for this Asperger-related problem by restricting claimant from work requiring any kind of computing skills, math calculations or problem solving (TR 19).

In finding that Plaintiff retained the residual capacity for a limited range of light work activity, the ALJ relied heavily on the opinion of her treating psychiatrist. Dr. Susan Charlamb indicated in January 2012 that claimant could return to work under certain conditions. Dr. Charlamb pointed out that Plaintiff was limited in her ability to understand and remember detailed instructions, and maintain attention and concentration for extended periods. The treating doctor added that the claimant would have difficulty getting along with co-workers, maintain socially appropriate behavior and set realistic goals when making plans (TR 204-205).

The ALJ then accounted for Plaintiff's inability to understand or remember detailed instructions by limiting her to jobs that involved following no more than three-step instructions. With respect to Plaintiff's concentration difficulties, the ALJ restricted Plaintiff from job assignments requiring multi-tasking, reading, problem solving or number crushing. The ALJ accommodated claimant's poor social skills by limiting her to jobs where interaction with co-workers, supervisors and the general public were kept to a minimum (TR 19). The Law Judge also limited Plaintiff to routine work without production quotas after the treating psychiatrist indicated that she would have difficulty working at a consistent pace during the workday (TR 19, 205-206). Given Dr. Charlamb's extensive treatment and clinical findings,

the ALJ's properly relied on her residual functional capacity evaluation when finding claimant not disabled.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[4], the Vocational Expert testified that there were numerous unskilled machine feeding, housekeeping/cleaner and laundry jobs that Plaintiff could perform with minimal vocational adjustment (TR 227). These jobs involved simple, routine tasks that did not require detailed concentration, reading, computing or problem solving. They had minimal personal interactions with co-workers, and only superficial contact with the general public. There were no production quotas mandating a specific number of pieces per hour (TR 227). Given the objective clinical findings of the examining physicians of record during the relevant

---

[4]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's marked limitations caused by her Asperger syndrome and ADHD. Claimant argues that the ALJ's hypothetical question "did not reflect all of the limitations and impairments identified by the doctors," but then abandons this argument without further development. Notably, she fails to specify which, if any, limitations the ALJ did not address. "[Issues] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996); see also Kennedy v. Comm'r of Soc. Sec., 87 F. App'x 464, 466 (6th Cir. 2003) (quoting Elder)). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge. Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                s/ *Charles E. Binder*
                                                                CHARLES E. BINDER
Dated: August 5, 2014                          United States Magistrate Judge